**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| **Cedar Lane Technologies Inc.,** | Case No. 6:21-cv-1326 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Honeywell International Inc.,** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Cedar Lane Technologies Inc. ("Plaintiff"), through its attorneys, complains of Honeywell International Inc. ("Defendant"), and alleges the following:

### PARTIES

2. Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

3. Defendant Honeywell International Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 3019 Alvin Devane Blvd. #430, Austin, Texas 78741.

### JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

5.      This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7.      Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has an established place of business in this District. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8.      Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,473,527; 6,972,790; 8,537,242; and 8,645,500 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '527 PATENT

9.      The '527 Patent is entitled "Module and method for interfacing analog/digital converting means and JPEG compression means," and issued 2002-10-29. The application leading to the '527 Patent was filed on 1999-06-01. A true and correct copy of the '527 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '790 PATENT

10.      The '790 Patent is entitled "Host interface for imaging arrays," and issued 2005-12-06. The application leading to the '790 Patent was filed on 2000-12-21. A true and correct copy of the '790 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

### THE '242 PATENT

11.     The '242 Patent is entitled "Host interface for imaging arrays," and issued 2013-09-17. The application leading to the '242 Patent was filed on 2005-10-27. A true and correct copy of the '242 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

### THE '500 PATENT

12.     The '500 Patent is entitled "Method and system for communicating between a remote printer and a server," and issued 2014-02-04. The application leading to the '500 Patent was filed on 2011-04-14. A true and correct copy of the '500 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

### COUNT 1: INFRINGEMENT OF THE '527 PATENT

13.     Plaintiff incorporates the above paragraphs herein by reference.

14.     **Direct Infringement**. Defendant directly infringed one or more claims of the '527 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringed at least the exemplary claims of the '527 Patent also identified in the charts incorporated into this Count below (the "Exemplary '527 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringed the claims of the '527 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

15.     Defendant also directly infringed, literally or under the doctrine of equivalents, the Exemplary '527 Patent Claims, by having its employees internally test and use these Exemplary Products.

16.     Exhibit 5 includes charts comparing the Exemplary '527 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '527 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '527 Patent Claims.

17.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 5.

18.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 2: INFRINGEMENT OF THE '790 PATENT

19.     Plaintiff incorporates the above paragraphs herein by reference.

20.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '790 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '790 Patent also identified in the charts incorporated into this Count below (the "Exemplary '790 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '790 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

21.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '790 Patent Claims, by having its employees internally test and use these Exemplary Products.

4

22.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

23.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '790 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '790 Patent. See Exhibit 6 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

24.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '790 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent.

25.     Exhibit 6 includes charts comparing the Exemplary '790 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '790 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '790 Patent Claims.

26.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

27.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## COUNT 3: INFRINGEMENT OF THE '242 PATENT

28.     Plaintiff incorporates the above paragraphs herein by reference.

29.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '242 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '242 Patent also identified in the charts incorporated into this Count below (the "Exemplary '242 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '242 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

30.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '242 Patent Claims, by having its employees internally test and use these Exemplary Products.

31.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

32.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '242 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '242 Patent. See Exhibit 7

(extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

33.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '242 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent.

34.     Exhibit 7 includes charts comparing the Exemplary '242 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '242 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '242 Patent Claims.

35.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 7.

36.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 4: INFRINGEMENT OF THE '500 PATENT

37.     Plaintiff incorporates the above paragraphs herein by reference.

38.     **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '500 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '500 Patent also identified in the charts incorporated into this Count below (the "Exemplary '500 Patent Claims") literally or by the doctrine of

equivalents. On information and belief, numerous other devices that infringe the claims of the '500 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

39.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '500 Patent Claims, by having its employees internally test and use these Exemplary Products.

40.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

41.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '500 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '500 Patent. See Exhibit 8 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

42.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '500 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '500 Patent.

43.     Exhibit 8 includes charts comparing the Exemplary '500 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products

practice the technology claimed by the '500 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '500 Patent Claims.

44.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

45.     Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

46.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '527 Patent is valid and enforceable

B.     A judgment that Defendant has infringed directly one or more claims of the '527 Patent;

C.     A judgment that the '790 Patent is valid and enforceable

D.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '790 Patent;

E.     A judgment that the '242 Patent is valid and enforceable

F.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '242 Patent;

G.     A judgment that the '500 Patent is valid and enforceable

H.     A judgment that Defendant has infringed directly and indirectly one or more claims of the '500 Patent;

I.      An accounting of all damages not presented at trial;

J.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284
        for Defendant's continuing or future infringement, up until the date such judgment
        is entered with respect to the '790; '242; and '500 Patents, including pre- or post-
        judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

K.      A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284
        for Defendant's past infringement at least with respect to the '527 Patent.

L.      And, if necessary, to adequately compensate Plaintiff for Defendant's
        infringement, an accounting:

    i.      that this case be declared exceptional within the meaning of 35 U.S.C. § 285
            and that Plaintiff be awarded its reasonable attorneys fees against Defendant
            that it incurs in prosecuting this action;

    ii.     that Plaintiff be awarded costs, and expenses that it incurs in prosecuting
            this action; and

    iii.    that Plaintiff be awarded such further relief at law or in equity as the Court
            deems just and proper.

Dated: December 20, 2021                    Respectfully submitted,

                                            /s/ Isaac Rabicoff
                                            Isaac Rabicoff
                                            Rabicoff Law LLC
                                            5680 King Centre Dr, Suite 645
                                            Alexandria, VA 22315
                                            7736694590
                                            isaac@rabilaw.com

                                            **Counsel for Plaintiff**
                                            **Cedar Lane Technologies Inc.**